NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEITH E. BROWN,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2017-1687

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-15-0761-I-1.

---

Decided: August 10, 2017

---

KEITH E. BROWN, Stockton, CA, pro se.

ANDREW W. LAMB, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

In July 2015, the Department of Defense removed Keith Brown from his position as a police officer at the Defense Logistics Agency. The Department charged Mr. Brown with conduct unbecoming a police officer, giving multiple specifications, and failure to provide accurate information. Mr. Brown appealed his removal to the Merit Systems Protection Board, which affirmed the Department's decision. For the reasons discussed below, we affirm.

I

Mr. Brown worked for the Department as a police officer at a Defense Logistics Agency facility in California. On November 17, 2012, the California Highway Patrol stopped him while he was driving his personal vehicle near his duty station. During the stop, the patrol officer learned that the vehicle's license plates did not match the vehicle's registration. Mr. Brown admitted that he had switched the license plates of two of his vehicles because the vehicle he was driving was not registered in California. The patrol officer arranged for the unregistered vehicle to be towed away and issued Mr. Brown a citation for driving with illegally tinted windows and with an expired registration. Upon contacting the tow yard, Mr. Brown learned that an insurance company had claimed the vehicle because it had been reported stolen.

On December 3, 2012, the State of California filed a criminal complaint against Mr. Brown. *See* Complaint, *People v. Brown*, No. MF035545A (Cal. Super. Ct. Dec. 3, 2012). The complaint charged Mr. Brown with committing three felony offenses: (1) unlawful driving or taking of a vehicle, (2) receiving stolen property, and (3) certificate-of-ownership or license forgery. *See* Cal. Penal Code § 496d(a); Cal. Veh. Code §§ 4463(a)(1), 10851(a). In June 2013, Mr. Brown pleaded no contest to the misdemeanor offense of displaying on a vehicle a license plate not

issued for that vehicle, *see* Cal. Veh. Code § 4462(b), and the State dismissed the felony charges.

In January 2013, while the criminal case against Mr. Brown was pending, the Department proposed to suspend him indefinitely from his job. The Department stated that the filing of the complaint gave it "reasonable cause" to conclude that he had committed a crime for which a sentence of imprisonment might be imposed. In March 2013, the Department indefinitely suspended Mr. Brown.

Mr. Brown appealed the suspension to the Board, and in July 2013, the administrative judge reversed the suspension. *See* Initial Decision, *Brown v. Dep't of Def.*, No. SF-0752-13-0336-I-1 (M.S.P.B. July 17, 2013). The administrative judge concluded that the filing of the complaint, without more, did not provide "reasonable cause" to conclude that Mr. Brown had committed the charged offenses. The Board affirmed the administrative judge's decision, *see* Final Order, *Brown v. Dep't of Def.*, No. SF-0752-13-0336-I-1, 2014 WL 7146582 (M.S.P.B. Dec. 16, 2014), and the Department placed Mr. Brown on paid administrative leave.

In September or October 2013, after the administrative judge had reversed Mr. Brown's suspension, but before the Board had affirmed that decision, the Department proposed to remove Mr. Brown for conduct unbecoming a federal police officer. In February 2014, the Department removed Mr. Brown from his position. Carl Eskew was the deciding official.

Mr. Brown appealed, and the administrative judge reversed the removal. *See* Initial Decision, *Brown v. Dep't of Def.*, No. SF-0752-14-0310-I-1 (M.S.P.B. Nov. 4, 2014). The administrative judge determined that the Department did not provide Mr. Brown with adequate notice of the grounds for his removal because, although the Removal Decision emphasized Mr. Brown's failure to register his vehicle for more than two and a half years, the

Notice of Proposed Removal had not mentioned that allegation. The administrative judge noted that the reversal did "not preclude the agency from reinitiating" removal proceedings based on the same charge. Gov't's App'x 58–59.

The Department petitioned the Board for review of the administrative judge's decision, but the Board dismissed the petition as having been filed too late. *See* Final Order, *Brown v. Dep't of Def.*, No. SF-0752-14-0310-I-1 (M.S.P.B. Feb. 25, 2015). The Board determined that the petition was filed one day after the applicable deadline, *see* 5 C.F.R. § 1201.114(e), and that the Department had not shown good cause for excusing the tardiness.

In May 2015, the Department again proposed to remove Mr. Brown, and in July 2015, the Department removed him for the second time. The Department stated six specific grounds for the charge of conduct unbecoming a federal police officer and three specific grounds for the charge of failing to provide accurate information on his Form SF 86, an Office of Personnel Management (OPM) questionnaire filled out by applicants for national security positions. Before the removal, the Department notified Mr. Brown that Kenneth Warrinton would replace Mr. Eskew as the deciding official.

Mr. Brown appealed. In February 2016, the administrative judge affirmed the removal. *See* Initial Decision, *Brown v. Dep't of Def.*, No. SF-0752-15-0761-I-1 (M.S.P.B. Feb. 10, 2016). The administrative judge held that the Department had proven three of the six specifications of conduct unbecoming a federal police officer and one of the three specifications of failing to provide accurate information. The administrative judge rejected Mr. Brown's argument that the Department's removal action was untimely.

After the administrative judge issued his initial decision, Mr. Brown filed with the Board a "Motion to Submit

an Additional Pleading" under 5 C.F.R. § 1201.114(a)(5). *See* Motion To Submit Additional Pleading, *Brown v. Dep't of Def.*, No. SF-0752-15-0761-I-l (M.S.P.B. Mar. 21, 2016). The motion requested leave to submit affidavits from John Vieira, the Department official who had proposed Mr. Brown's July 2016 removal, and Mr. Eskew. Mr. Brown had obtained the affidavits in a parallel race- and age-discrimination action. *See Brown v. Mattis*, No. 2:15-cv-26-JAM-EFB (E.D. Cal.). Mr. Brown argued that the affidavits established that the Department had already decided to terminate his employment at the time that it proposed his removal and the Department's stated reasons for proposing his removal were not the actual reasons.

In December 2016, the Board affirmed the administrative judge's decision after modifying the decision to analyze certain due-process allegations. *See* Final Order, *Brown v. Dep't of Def.*, No. SF-0752-15-0761-I-1 (M.S.P.B. Dec. 29, 2016). The Board held that the administrative judge had erred by failing to address those allegations, but that the error was harmless because Mr. Brown had not proven a due-process violation. The Board affirmed the administrative judge's decision in all other respects.

The Board also denied Mr. Brown's motion to submit the affidavits of Mr. Vieira and Mr. Eskew. The Board concluded that the affidavits were not material to the only points for which Mr. Brown argued they should be added. Specifically, the Board explained, there was no evidence that the actual deciding official, Mr. Warrinton, allowed his decision on the merits of the specific grounds for removal to be improperly influenced by the views of Mr. Vieira and Mr. Eskew.

Mr. Brown petitions for review of the Board's December 2016 decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Mr. Brown argues that the Board erred because: (1) the Department's removal decision was improperly conducted, as established by the additional affidavits; (2) the removal was untimely; and (3) the removal was barred by Department of Defense Directive 5200.2-R on access to classified information. In reviewing the record, we must "hold unlawful and set aside any agency action, findings, or conclusions found to be . . . (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Mr. Brown has the burden to establish prejudicial error. See *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed. Cir. 1986).

A

We reject Mr. Brown's argument that the Board erred by failing to consider the affidavits of Mr. Vieira, who proposed the removal, and Mr. Eskew, who made the first removal decision. Mr. Brown argues that the affidavits establish that the belief of those two affiants that he should be removed meant that the Department had improperly predetermined the result of the second removal proceeding and that the Department did not provide him with adequate notice of and opportunity to respond to the Department's actual reasons for removing him. The Board determined that the affidavits were not material. It explained that there simply was no evidence that the actual deciding official for the second removal, Mr. Warrinton, failed to make his own decision based on the specific grounds stated in the removal proposal, but instead was improperly influenced by the views of the proposing official, Mr. Vieira, or of the initial deciding official, Mr. Eskew.

We see no error in that determination. Mr. Warrinton replaced Mr. Eskew as the deciding official before Mr. Brown's ultimate removal, and Mr. Brown does not identify any evidence that supports the inference that Mr. Vieira or Mr. Eskew influenced Mr. Warrinton's decision. Mr. Brown argues that Mr. Vieira and Mr. Eskew must have improperly influenced Mr. Warrinton's decision because of their close working relationships. But the Board could reasonably demand something more before questioning whether Mr. Warrinton properly made his own decision on the merits. *See United States v. Chem. Found.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). Moreover, the only identified facts that Mr. Brown sought to add to the record—that the proposing official and the official that had previously decided to remove him believed that he should be removed—were plain to Mr. Warrinton, to Mr. Brown, to the administrative judge, and to the Board. Mr. Brown has not shown how the affidavits at issue would add anything to what was already evident. We therefore see no reason to disturb the Board's decision regarding the additional affidavits.

## B

We also reject Mr. Brown's argument that the Department's removal action was untimely. Assuming, for the sake of argument, that the Board may reverse an agency's removal decision based on an unreasonable delay in initiating or effectuating the removal, Mr. Brown has not presented any evidence, either to the Board or to this court, that the Department acted unreasonably during his removal. The California Highway Patrol stopped Mr. Brown in November 2012, and the Department first proposed to remove him in September or October 2013. In the interim, the Department had attempted to indefinite-

ly suspend him. The Board rejected that attempt, and then also reversed the first removal in February 2015. Very shortly thereafter, in May 2015, the Department again proposed to remove Mr. Brown, adding grounds to those presented in the first removal action. Mr. Brown has not shown that any delay between these events was unnecessary, much less unreasonable.

Although the Department failed to timely petition the Board for review in the first removal action, Mr. Brown does not argue that the Department's non-compliance with the Board's filing deadlines in that proceeding is the kind of unreasonable delay that would justify reversing his removal here. *See* Pet'r's Br. 5–10. In any event, the Department missed the applicable deadline by only one day. We do not see how that default makes the Department's decision to re-initiate removal proceedings in May 2015 reversible for undue delay.

Mr. Brown is also incorrect in arguing that the Department's removal action was untimely under 5 C.F.R. § 1201.113(e). Under that regulation, a private party's administrative remedies "are exhausted" once an administrative judge's decision becomes final. *Id.* Contrary to Mr. Brown's contention, that regulation only clarifies when a party may seek judicial review of a Board decision. It does not preclude an agency from taking further action against an employee where, as here, a Board decision does not address the merits of the agency's action.

C

Finally, we reject Mr. Brown's argument that Department of Defense Directive 5200.2-R barred his removal while the Department was reviewing his eligibility for a security clearance. At the time of Mr. Brown's

removal,[1] Directive 5200.2-R provided guidance on the Department's internal operating procedures regarding access to classified information. The directive barred the Department from taking an "unfavorable administrative action," defined as an adverse action resulting from a "personnel security determination" or "unfavorable personnel security determination," without affording the affected employee certain specified "protections." Dep't of Def. Directive 5200.2-R, at C8.1.1, C8.1.2, DL1.1.29. An "unfavorable personnel security determination" included, among other things, the "denial or revocation" of a security clearance. *Id.* at DL1.1.30.

The government correctly argues that Directive 5200.2-R did not bar the Department from removing Mr. Brown. His removal was not an "unfavorable administrative action" within the meaning of the directive because it was not based on the denial, revocation, or suspension of his security clearance or any other action to which the directive applied. Rather, the Department removed Mr. Brown because, it determined, he had engaged in conduct unbecoming a federal police officer and failed to provide accurate information in response to a federal questionnaire. Although the Department also appears to have suspended Mr. Brown's security clearance based on similar allegations, that does not mean that Mr. Brown's removal was an "unfavorable administrative action"

---

[1] While this appeal was pending before this court, the Department revoked 32 C.F.R. § 154, the regulation corresponding to Directive 5200.2-R. *See* Department of Defense Personnel Security Program Regulation, 82 Fed. Reg. 1192 (Jan. 5, 2017). The Department also appears to have removed Directive 5200.2-R from the list of published directives on its website. *See* Exec. Servs. Directorate, *DoD Issuances*, Dep't of Def. (June 29, 2017), http://www.esd.whs.mil/Directives/issuances/dodd.

covered by the directive.  The Department suspended Mr. Brown's security clearance and removed him from his position in independent proceedings, the latter not tied to the former.  Only Mr. Brown's removal is at issue in this appeal.

## III

For the foregoing reasons, we affirm the Board's judgment.

No costs.

**AFFIRMED**